ORIGINAL

Anna Y. Park, SBN 164242 (CA)
Connie K. Liem, SBN 791113 (TX)
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Gregory McClinton, SBN 15355 (CA)
300 Ala Moana Blvd. #7-127
P.O. Box 50082
Honolulu, Hawaii 96850-0051
Telephone: (808) 541-3122
Facsimile: (808) 541-3390
E-Mail: Gregory.mcclinton@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 10 2009

at __ o'clock and __ min, __ M.
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> VALLEY ISLE MOTORS LTD. AND DOES 1-10, INCLUSIVE, <br><br> Defendant(s). | CV09-00053 HG KSC <br><br> **COMPLAINT-CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION** <br> (42 U.S.C. §§ 2000e, et seq. and 12117); **SUMMONS** <br><br> **JURY TRIAL DEMAND** |

-1-

## NATURE OF THE ACTION AND JURISDICTION

This is an action under Title I of American with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to seek relief on behalf of Kurt Sturgeon, the Charging Party, who was adversely affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission alleges that Defendant Valley Isle Motors Ltd., and Does 1-10 ("Defendants") denied Kurt Sturgeon employment on the basis of his disability and/or regarded him as disabled in violation of Section 102 of the ADA, 42 U.S.C. §§ 12112.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3.  Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by § 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.  At all relevant times, Defendants have continuously been Hawaii

1  corporations doing business in the City of Kahului, State of Hawaii, and have
2  continuously had at least 15 employees.
3      5.   At all relevant times, Defendants have continuously been employers
4  engaged in an industry affecting commerce within the meaning of § 101(5) of the
5  ADA, 42 U.S.C. § 12111(5), and § 101(7) of the ADA, 42 U.S.C. § 12111(7),
6  which incorporates by reference §§ 701(g) and (h) of Title VII, 42 U.S.C. §§
7  701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).
8      6.   At all relevant times, Defendants have been covered entities under
9  § 101(2) of the ADA, 42 U.S.C. § 12111(2).
10     7.   All of the acts and failures to act alleged herein were duly performed
11 by and attributable to all Defendants, each acting as a successor, agent, employee,
12 alter ego, indirect employer, joint employer or under the direction and control of
13 the others, except as specifically alleged otherwise.  Said acts and failures to act
14 were within the scope of such agency and/or employment, and each Defendant
15 participated in, approved and/or ratified the unlawful acts and omissions by the
16 other Defendants complained of herein.  Whenever and wherever reference is made
17 in this Complaint to any act by a Defendant or Defendants, such allegations and
18 reference shall also be deemed to mean the acts and failures to act of each
19 Defendant acting individually, jointly, and/or severally.
20     8.   Plaintiff is ignorant of the true names and capacities of each defendant
21 sued as DOES 1 through 10, inclusively, and therefore Plaintiff sues said
22 defendants by fictitious names.  Plaintiff reserves the right to amend the complaint
23 to name each DOE defendant individually or corporately as it becomes known.
24 Plaintiff alleges that each DOE defendant was in some manner responsible for the
25 acts and omissions alleged herein and Plaintiff will amend the complaint to allege
26 such responsibility when the same shall have been ascertained by Plaintiff.
27 //
28 //

## CONDITIONS PRECEDENT

9. More than thirty (30) days prior to the institution of this lawsuit, Kurt Sturgeon filed a charge of the with the Commission alleging that Defendants violated Title I of the ADA.

10. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect Defendants' voluntary compliance with Title I through informal methods of conciliation, conference, and persuasion.

11. Prior to the institution of this lawsuit, all conditions precedent were satisfied.

## STATEMENT OF CLAIMS

12. Since at least January 2005, Defendants have engaged in lawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112 (a) and (b). Defendants discriminated against Kurt Sturgeon when he was denied a sales position on or about January 17, 2005, on the basis of his disability and/or perceived disability. Specifically, Kurt Sturgeon has a record of impairments (Attention Deficit Hyperactivity Disorder). Further, Defendants erroneously regarded Kurt Sturgeon as disabled in having an impairment which substantially limited the major life activities such as thinking and concentrating, and working when he was denied employment.

13. Defendants denied Kurt Sturgeon the sales position although he was qualified for the sales position, had submitted normal medical test results to Defendants, and was medically authorized to work without any restrictions.

14. The effect of the practices complained of as described in paragraphs 12 and 13 has been to deprive Kurt Sturgeon of equal employment opportunities.

15. The unlawful employment practices in paragraphs 12 and 13 above were intentional.

16. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Kurt Sturgeon.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminates on the basis of disability.

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in lawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

C. Order Defendants to make whole Kurt Sturgeon by providing compensation for past and future pecuniary losses, including but not limited to back pay and front pay, resulting from the unlawful employment practices described above in the amounts to be determined at trial.

D. Order Defendants to make whole Kurt Sturgeon by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in the amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

E. Order Defendants to pay Kurt Sturgeon punitive damages for its malicious and/or reckless conduct in an amount to be determined at trial.

F. Award the Commission its costs of this action.

G. Grant such further relief as the Court deems necessary and proper in the public interest.